UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CATHERINE MASCETTI,          : | |
|     Plaintiff,          : | |
|                               : | |
|     v.          : | Case No. 3:09-cv-963(PCD) |
|                               : | |
| MARY ZOZULIN, et. al.          : | |
|     Defendants.          : | |

## RULING ON MOTIONS TO DISMISS

On June 19, 2009, Plaintiff Catherine Mascetti filed a complaint against five doctors, the doctors' medical offices, a pharmacy, the pharmacy owner, and the pharmacy's technician. The complaint alleges that Defendants disclosed Plaintiff's confidential medical records to each other and to law enforcement officials and failed to treat her and prescribe her pain medication in violation of the Rehabilitation Act of 1973, the Health Insurance Portability and Accountability Act of 1996, the Americans with Disabilities Act of 1990, 42 U.S.C. § 1983, the Administrative Procedure Act, and CONN. GEN. STAT. § 21a-524.

On December 21, 2009 and December 23, 2009, Defendants filed motions to dismiss the complaint for failure to state a claim upon which relief can be granted. Despite receiving two extensions of time to respond to the motions to dismiss, Plaintiff failed to respond by the March 1, 2010 deadline (or in the nearly fifty days following the March 1, 2010 deadline) or request additional time to respond. Thus, the Court considers Defendants' motions ripe for resolution.[1]

---

[1] The Court has the discretion to grant Defendants' motions to dismiss because of Plaintiff's failure to respond. See CONN. LOCAL R. 7(a)(1) ("Failure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion, except where the pleadings provide sufficient grounds to deny the motion."). However, because granting the motions on this procedural ground will result in this action's dismissal with prejudice, the Court will instead address the merits of Defendants' motions.

For the reasons stated herein, the motions to dismiss [Doc. Nos. 20, 23, 25, 27] are **granted.**

## I. BACKGROUND

Plaintiff brings this action against five doctors, the four medical practices that employ the doctors, a pharmacy, the pharmacy's owner, and the pharmacy's technician.[2] Plaintiff has a disability–which is not named or described anywhere in the complaint–for which she sought treatment and prescriptions for pain medication from the Defendant doctors. The Defendant doctors refused to treat Plaintiff or prescribe her pain medication, and instead disclosed her medical records to each other or law enforcement agents.  Defendant Dr. Jose Orellana, for instance, told Plaintiff that the State of Connecticut Drug Enforcement Agency had visited his office for the purpose of inquiring about her.  Without requesting a search warrant or proper identification from the officers, he gave them Plaintiff's medical file.  (Compl. ¶ 18.)  Dr. Orellana also discussed Plaintiff's confidential medical records with Defendant Dr. Susan Johnson.  (Id.)  Soon thereafter, Plaintiff had a medical appointment with Dr. Johnson, who refused to treat Plaintiff and instead copied her medical file while questioning Plaintiff as to why she was coming to her office.  Dr. Johnson then faxed to Plaintiff a "one page progress note" indicating that she had spoken with Defendant Petricone's Pharmacy and Dr. Orellana about Plaintiff.  (Id. ¶ 19.)

Similar allegations are made against Defendants Dr. Joann Price, Dr. Charles Licata, Dr. Licata's medical practice Pro Health Physicians, Dr. Mary Zozulin, Dr. Zozulin's medical practice Litchfield County OB/GYN, Petricone's Pharmacy, pharmacy technician Joel Cagno, Jr.

---

[2]The allegations in the complaint are accepted as true for purposes of this motion.  See Feiner v. S & C Technologies, 11 F. Supp. 2d 204, 206-207 (D. Conn. 1998).

and pharmacy owner Joseph Petricone. Plaintiff alleges that each of the doctors refused her treatment and disclosed her confidential medical records to each other. (Id. ¶¶ 20, 22.) Dr. Zozulin also called Plaintiff a drug addict, said she wasn't thinking clearly, and requested that she not ask for any medications. (Id. ¶ 23.) Joel Cagno Jr., an employee of Petricone's Pharmacy, did not treat Plaintiff with respect when he handled her prescriptions and disclosed her confidential medical records to other health care providers. In addition, on July 27, 2007, Mr. Cagno recklessly gave to Plaintiff a medication that he stated was "owed to her", but was not a medication ever prescribed to her by any doctor. (Id. ¶ 21.)

The four-count complaint alleges violations of six federal laws and one state law against all Defendants. The first count alleges that Defendants' "deprivation of rights secured to the Plaintiff" violated the Health Insurance and Portability Act of 1996, the Administrative Procedure Act, CONN. GEN. STAT. § 21a-524, and the Constitution and laws of the United States as enforced through 42 U.S.C. §§ 1983 and 1988. Count II alleges that Defendants' actions (presumably in refusing to treat Plaintiff or prescribe her medication) deprived her of a reasonable accommodation of her disability in violation of Section 504 of the Rehabilitation Act of 1973 and Title II of the Americans with Disabilities Act of 1990. Count III alleges that Defendants violated Plaintiff's "right to privacy" under the Health Insurance and Portability Act of 1996 and the Administrative Procedure Act. Count IV alleges that Defendants' actions violated CONN. GEN. STAT. § 21a-524, a state statute granting the Commissioner of Consumer Protection authority to "appoint a prescription drug monitoring working group".

## II. STANDARD OF REVIEW

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)

"is merely to assess the legal feasibility of the complaint, not to assay the weight of evidence which might be offered in support thereof." Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities Inc., 748 F.2d 774, 779 (2d Cir. 1984) (quoting Geisler v. Petrocelli, 616 F.2d 636, 639 (2d Cir. 1980)). In ruling on a motion under FED. R. CIV. P. 12(b)(6), the court may consider only "the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007).

The district court may dismiss a claim under FED. R. CIV. P. 12(b)(6) only if the plaintiff's factual allegations are not sufficient "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal citation omitted).

**III. DISCUSSION**

The complaint alleges that Defendants' actions violated Section 504 of the Rehabilitation Act, Title II of the Americans with Disabilities Act, the Health Insurance Portability and Accountability Act, 42 U.S.C. § 1983, the Administrative Procedures Act, and CONN. GEN. STAT. § 21a-524. Defendants have moved to dismiss the causes of actions pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.[3]

---

[3] Defendants Dr. Mary Zozulin, Litchfield County OB/GYN, Dr. Charles Licata and Pro Health Physicians also assert that the claims against them should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2) and (5) because Plaintiff has failed to effectuate service of process on them. Because the Court is granting Defendants' motions to dismiss in their entirety pursuant to Rule 12(b)(6), the Court declines to

The Court addresses the viability of each of the causes of action below.

### *(A) Rehabilitation Act*

Section 504 of the Rehabilitation Act "mandates only that services provided nonhandicapped individuals not be denied [to a disabled person] because he is handicapped." Flight v. Gloecker, 68 F.3d 61, 63-64 (2d Cir. 1995) (quoting P.C. v. McLaughlin, 913 F.2d 1033, 1041 (2d Cir. 1990)).  Section 504 states in relevant part:

> No otherwise qualified individual with a disability in the United States . . . shall, solely by reason of his or her disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . .

29 U.S.C. § 794(a).  To establish a *prima facie* case of a Section 504 violation, a plaintiff must show: "(1) that he has a disability for purposes of the Rehabilitation Act; (2) that he was 'otherwise qualified' for the benefit that has been denied; (3) that he has been denied the benefit 'solely by reason' of his disability; and (4) that the benefit is part of a 'program or activity receiving Federal financial assistance.'"  Doe v. Pfrommer, 148 F.3d 73, 82 (2d Cir. 1998) (quoting Flight, 68 F.3d at 63).

Plaintiff's Rehabilitation Act cause of action is deficient for several reasons.  First, Plaintiff has not alleged that the perceived benefit denied her by Defendants was part of a program or activity receiving federal financial assistance.  Second, with respect to the individuals named as Defendants, a claim pursuant to Section 504 cannot be asserted against private individuals in their individual capacities.  M..K. ex rel. Mrs. K. v. Sergi, 554 F. Supp. 2d 201, 230 (D. Conn. 2008) ("[T]here is no individual liability for money damages under Title II of the

---

address this alternative argument in support of dismissal.

ADA or § 504 of the Rehabilitation Act."); Garcia v. Health Sciences Ctr. of Brooklyn, 280 F.3d 98, 107 (2d Cir. 2001) (holding that § 504 of the Rehabilitation Act does not provide for individual capacity suits against state officials). Third, Plaintiff was not "otherwise qualified" for the medical treatment she was denied. Section 504 does not apply if an individual only qualifies for a benefit or service because of her disability. See Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1289, 1294 (11th Cir. 2005) ("The Rehabilitation Act, like the ADA, was never intended to apply to decisions involving the termination of life support or medical treatment."); Cushing v. Moore, 970 F.2d 1103, 1108-09 (2d Cir. 1992) (holding that patient of drug treatment clinic who challenged the clinic's termination of his take-home methadone treatment privileges was not "otherwise qualified" under § 504); United States v. Univ. Hosp. S.U.N.Y. at Stony Brook, 729 F.2d 144, 156 (2d Cir. 1984) (holding that § 504 prohibits discrimination against a handicapped individual "only where the individual's handicap is unrelated to, and thus improper to consideration of, the services in question"). The motions to dismiss the Rehabilitation Act claim are granted.

*(B) Americans with Disabilities Act*

Title II of the Americans with Disabilities Act ("ADA") provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such an entity."[4] 42 U.S.C. § 12132. A disability under the ADA is: "(1) [a]

---

[4] A public entity is defined as "any State or local government;" "any department, agency, special purpose district, or other instrumentality of a State or States or local government;" and "the National Railroad Passenger Corporation, and any commuter authority . . ." 42 U.S.C. § 12131(1).

physical or mental impairment that substantially limits one or more of the major life activities of such individual; (2) [a] record of such an impairment; or (3) [b]eing regarded as having such an impairment." 29 C.F.R. § 1630.2(g).  To establish a violation of Title II of the ADA, a plaintiff must show: "(1) she is a qualified individual with a disability; (2) she was excluded from participation in or otherwise discriminated against with regard to a public entity's services, program or activities; and (3) such exclusion or discrimination was by reason of her disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002) .

Plaintiff's ADA claim also suffers from several deficiencies.  First, Title II of the ADA only applies to public entities, not private individuals or private entities such as Defendants. Green v. City of New York, 465 F.3d 65, 76. 78-79 (2d Cir. 2006) (affirming dismissal of ADA claim against private individual and private hospital because they were not "public entities" under the ADA).  Second, because the complaint fails to allege the actual disability from which Plaintiff suffers, the allegations are inadequate to establish that Plaintiff has a disability as that term is defined in the ADA.  Third, medical treatment decisions–such as Defendants' decisions not to treat Plaintiff or prescribe her medication–do not provide a basis for liability under the ADA. This is because, absent Plaintiff's disability, she would not have been eligible for treatment in the first place.  See Burger v. Bloomberg, 418 F.3d 882, 882 (8th Cir. 2005) (holding that ADA claims cannot be based on medical treatment decisions); Schiavo, 403 F.3d at 1294 (same).  Plaintiff's ADA claim is dismissed.

### *(C) Health Insurance Portability and Accountability Act of 1996*

Section II of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. No. 104-191, includes provisions that require the Secretary of Health and Human

Case 3:09-cv-00963-PCD   Document 37   Filed 04/20/10   Page 8 of 10

Services "to make final regulations concerning the privacy of individually identifiable health information." Nat'l Abortion Fed'n v. Ashcroft, No. 03 Civ. 8695(RCC), 2004 WL 555701, *2 (S.D.N.Y. Mar. 19, 2004). Pursuant to its rulemaking authority, the Department of Health and Human Services has promulgated regulations to protect the privacy of certain health information. Enforcement of the statute and its regulations is limited to the Secretary of Health and Human Services; thus, there is no private right of action. Rzaveya v. United States, 492 F. Supp. 2d 60, 83 (D. Conn. 2007) ("HIPAA, which regulates the privacy of medical records, provides no private right of action, and enforcement of HIPAA is reserved exclusively to the Secretary of Health and Human Services."). Rather, individual claims under HIPAA must be raised through administrative channels described in the HIPAA regulations. See 45 C.F.R. § 160.306 (stating that an aggrieved party may complain to the Secretary and that the Secretary may investigate complaints). Plaintiff, therefore, cannot maintain a cause of action under HIPAA for Defendants' disclosure of her confidential medical records. Defendants' motions to dismiss the HIPAA cause of action are granted.

### *(D) 42 U.S.C. § 1983*

Section 1983 of Title 42 of the United States Code provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in any action at law . . .

To state a claim under § 1983, "a plaintiff must allege that he was injured by either a state actor or a private party acting under color of state law." Ciambriello v. County of Nassau, 292 F.3d 307, 323 (2d Cir. 2002). "The 'under color of state law' provision in section 1983 is equivalent

to the state action requirement of the Fourteenth Amendment." Shirley v. State Nat'l Bank of Conn., 493 F.2d 739, 741 (2d Cir. 1974). State action is found if the conduct by a private actor is "fairly attributed" to the state because "there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." Tancredi v. Metropolitan Life Ins. Co., 316 F.3d 308. 312 (2d Cir. 2003) (internal citations and quotations omitted).  A Plaintiff bringing a § 1983 action against a private actor bears the burden of showing that the private actor's conduct constitutes state action.  Id.

Plaintiff's § 1983 claim fails because she has not alleged any state action.  Plaintiff does not–and cannot–assert that any of the Defendants are state actors or state agencies.  Nor has Plaintiff adequately alleged that any of the Defendants' actions qualifies as conduct "fairly atrtibutable" to state government.  Although Plaintiff asserts that Defendants "were acting under color of law" and "acted jointly and in concert with each other" (Compl. ¶¶ 16-17), the allegations are unsupported by any facts indicating that Defendants conspired with a state official to deprive Plaintiff of her constitutional rights or that Defendants' conduct is otherwise properly attributable to state officials.  "Complaints containing only conclusory, vague or general allegations that the defendants engaged in a conspiracy to deprive the plaintiffs of constitutional rights must be dismissed, and 'diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct.'"  Rzaveya, 492 F. Supp. 2d at 81-82 (quoting Ciambriello, 292 F.3d at 325)).  Defendants' motions to dismiss the § 1983 cause of action are granted.

**(E) Administrative Procedure Act**

The Administrative Procedure Act ("APA")  provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the

9

meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. Thus, a plaintiff claiming a right to sue under the APA "must identify some 'agency action' that affects him in the specified fashion; it is judicial review 'thereof' to which he is entitled." Lujan v. Nat'l Wildlife Federation, 497 U.S. 871, 882 (1990). The word "agency" refers to federal government agencies, Pennyfeather v. Tessler, 431 F.3d 54, 56 n.1 (2d Cir. 2005), and the term agency action "includes the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act . . . ." 5 U.S.C. §§ 551(13). Because Plaintiff has not–and cannot–allege that any of the Defendants are federal government agencies, the APA has no application to the allegations in the complaint. The APA cause of action is dismissed.

### (F) CONN. GEN. STAT. § 21a-524

Because Plaintiff's federal law claims fail, this Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claim. See 28 U.S.C. § 1367(c)(3).

### IV. CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss [Doc. Nos. 20, 23, 25, 27] are hereby **granted** in their entirety. The clerk shall close the case.

SO ORDERED.

Dated at New Haven, Connecticut, this   20th   day of April, 2010

/s/
Peter C. Dorsey, U.S. District Judge
United States District Court